FELIX HOLMAN v. THE STATE.

No. 12376. Delivered March 6, 1929.

The opinion states the case.

*H. L. Edwards* of Nacogdoches, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—Possessing intoxicating liquor for the purpose of sale is the offense; punishment fixed at confinement in the penitentiary for a period of one year.

The search of the appellant's house revealed the presence of a quantity of liquid and some empty bottles. Part of the liquid was in a churn and part of it was in bottles. The officers denominated the liquid "beer." One witness had bought a bottle of the liquid from the appellant and described it as beer but stated that he could not say whether it was "home-brew" or not. The appellant and his wife testified that the liquid was what they denominated "home-brew" and that it was not intoxicating. The appellant testified that he had never sold any of the liquid and that the fluid found on his premises had not become a drinkable liquor of any kind but was simply in the making; that it had been standing in the jars only over night and that it would take several days to mature.

The search warrant used by the officers had been issued more than three days when the search was made, and under Arts. 317–318, C. C. P. 1925, had become *functus officio*. The point was made that the evidence justified the search upon the theory of consent, and there was a contention that appellant's testimony coincided with that of the searching officers to a degree that rendered the receipt of the officers' testimony harmless even though the search was illegal. The disposition made of the case renders a discussion of the matters mentioned unnecessary.

The court failed and refused, over the appellant's objection, to instruct the jury upon a defensive theory arising from the testimony introduced by the appellant to the effect that the liquid was not beer and was not intoxicating liquor. The omission in the charge was duly called to the court's attention by appropriate and timely exception. Under the facts, the law clearly required that the jury be informed by a proper charge that if in fact the liquid was not intoxicating, there should be an acquittal. See Gordon v. State, 280 S. W. Rep. 585; Parson v. State, 278 S. W. Rep. 444; Hughes v. State, 268 S. W. Rep. 960.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*