WILLIAM M. HALL V. STATE

No. 33,479.   June 7, 1961

228

*Lamar Palmer*, Houston, for appellant.

*Frank Briscoe*, District Attorney, *Carl E. F. Dally, Erwin G. Ernst*, Assistants District Attorney, Houston, and *Leon Douglas*, State's Attorney, Austin, for the state.

DICE, Judge.

Appellant was convicted for the offense of procuring an abortion and his punishment assessed at confinement in the penitentiary for a term of five years.

At the outset, we overrule the State's contention that the statement of facts should not be considered because it was not filed within ninety days after the date appellant gave notice of appeal as required by Article 759a, V.A.C.C.P. There appears in the record an order signed by the trial judge extending the time for filing the statement of facts and the same is shown to have been filed within the time so extended. Such an extension of time is authorized under the provisions of Section 4 of Article 759a, supra. Nor do we agree that the statement of facts should not be considered because it is not certified that it contains all the facts and evidence adduced at the trial. The statement of facts is signed and agreed to by counsel for the state and appellant as "true and correct and that the same may be filed as such Statement of facts in the instant cause."

In view of our disposition of the case, a recitation of the facts is unnecessary.

Bill of Exception No. 1 presents appellant's complaint to certain testimony offered by the State showing the search of appellant's residence under a search warrant.

The bill was approved by the court with certain qualifications agreed to by appellant. In the bill, the court certifies that the affidavit and search warrant set out in the bill were exhibited to him and reference is made to the statement of facts for the evidence adduced, appellant's objection thereto, and the court's ruling thereon.

The affidavit made by the two affiants for the search warrant upon information and belief, in setting out the facts upon which such belief was based, states:

"My belief aforesaid is based on the following facts:

Information from a reliable Source that an abortion was performed by Said defendant."

An affidavit for issuance of a search warrant to be sufficient must show that the act or event upon which probable cause is based occurred within a reasonable time prior to the making of the affidavit. 37B Tex. Jur. 460-461, sec. 12; Beasley v. State, 120 Tex. Cr. R. 81, 48 S.W. 2d 261; Garza v. State, 120 Tex. Cr. R. 147, 48 S.W. 2d 625; and Odom v. State, 121 Tex. Cr. R. 209, 50 S.W. 2d 1103. No such showing is made in the affidavit in the instant case and the search warrant issued thereon was invalid.

The admission of the evidence over appellant's objection of the search of his residence under the invalid warrant was damaging to appellant and calls for a reversal of the conviction.

The judgment is reversed and the cause is remanded.

Opinion approved by the Court.