**Richard VOJEL, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 40502.**

Court of Criminal Appeals of Texas.

July 19, 1967.

Thorne & Reardon, by T. M. Reardon, and Sue Walker, Houston (on appeal only), for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and F. M. Stover, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is the possession of heroin; the punishment, 20 years.

 Two grounds of error are presented for review. Appellant first asserts that none of the officers who executed the search warrant had authority to do so, in that the search of appellant's residence took place in Harris County, but outside the corporate limits of the City of Houston. The search warrant was secured by Officers Chavez and Dunlap of the Narcotic Division of the Houston Police. With them when the search warrant was executed were seven other Houston Police Officers and a Narcotic Agent of the Department of Public Safety. The issuance and execution of the search warrant was clearly authorized by Sections (14) (16) and (22) of Article 725b, Vernon's Ann.P.C.

His second ground of error is that the affidavit made by Chavez and Officer Dunlap was insufficient to demonstrate that they had sufficient information to authorize the magistrate to issue the same. The affidavit in the case at bar has all the requisites which have been approved by this Court in Acosta v. State, Tex.Cr.App., 403 S.W.2d 434, and Gonzales v. State, Tex.Cr.App., 410 S.W.2d 435 (cert. denied, 387 U.S. 925, 87 S.Ct. 2044, 18 L.Ed.2d 982).

In his second ground of error he also contends that the affidavit for the issuance of the search warrant did not show that the act or event upon which probable cause is based occurred within a reasonable time prior to the making of the affidavit. The event set forth in the affidavit was alleged to have occurred on December 7. The warrant was secured on December 8, and executed on December 10. These facts differentiate this case from Hall v. State, 171 Tex.Cr.R. 227, 347 S.W.2d 262, wherein it was not shown that the act or event upon which probable cause was based occurred within a reasonable time prior to the making of the affidavit.

Finding no reversible error, the judgment is affirmed.