Jose A. MATTEI, Appellant,

v.

The STATE of Texas, Appellee.

No. 42468.

Court of Criminal Appeals of Texas.

May 6, 1970.

Rehearing Denied June 24, 1970.

Ronald A. Piperi, Killeen, Arturo C. Gonzalez, Del Rio, for appellant.

Stanley Kacir, Dist. Atty., Dennis C. Holle, Asst. Dist. Atty., Belton, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is unlawful possession of marihuana; the punishment, 40 years.

Trial was before a jury on a plea of not guilty. Punishment was assessed by the court.

The sufficiency of the evidence to sustain the conviction is not challenged. The evidence admitted before the jury reflects that Detective Lieutenant Homer E. Shelton and Detective Cordus Jackson, Jr., accompanied by other police officers of the City of Killeen and by Criminal Investigation Division personnel of nearby Ft. Hood, Texas, searched apartment 5 of the East Gate Apartments at 925 West Rancier, Killeen, Texas, which appellant had rented a few weeks before. Appellant was arrested and 870 grams (slightly less than two pounds) of marihuana in the following described envelopes and paper bags was found and seized:

> From dresser drawer in bedroom, 51 small manila envelopes which "had markings on them indicating five dollars, ten dollars, twenty dollars, things of that nature."

From a brown paper bag in the bedroom, 11 small manila envelopes;

From a suitcase in the bedroom closet, 5 small manila envelopes, a one pound bag, and another brown paper bag.

Officer Homer E. Shelton was the first witness for the state to testify before the jury. Having testified that he had occasion on December 10, 1968, to go to the East Gate Apartments, and having named the Killeen Police Officers and the members of the Narcotic Section, CID at Ft. Hood who accompanied him, he was asked and answered:

"Q. What was your purpose in going to Apartment No. 5 of the East Gate Apartments on this date?

"A. We went there with a search warrant for the purpose of searching apartment Number Five for narcotic drugs."

At this point appellant's counsel, who had prepared a motion to suppress and objection to the search, requested voir dire examination of the witness out of the presence of the jury, which was granted.

■ The voir dire examination of the witness Officer Shelton having disclosed that the search of appellant's apartment on December 10, 1968, pursuant to a search warrant issued on December 8, 1968, was made by Officer Shelton and not by Detective Cordus Jackson, Jr., to whom the search warrant was delivered, appellant objected that the search of appellant's apartment was an illegal search in violation of the Fourth Amendment of the Constitution of the United States; Sec. 9, Art. I of the Constitution of Texas, Vernon's Ann.St., and Arts. 11.01 and 18.14 of the Texas Vernon's Ann.Code of Criminal Procedure. This claim of error is set forth in appellant's brief as his first ground of error.

Art. 18.13 C.C.P. (5) provides that a warrant to search a suspected place be "directed to the sheriff or any peace officer of the proper county."

While Officer Cordus Jackson, Jr., was engaged in searching another apartment when the search of appellant's apartment commenced, he arrived shortly thereafter and participated in the search.

During the voir dire examination of Officers Shelton and Cordus Jackson, in connection with his "motion to suppress and objection to introduction of marihuana in evidence," which he was permitted to file during the hearing, appellant introduced evidence to the effect that an affidavit for search warrant was made by Cordus Jackson, Jr. on December 5, 1968, and a search warrant issued and "returned unserved" the same day was introduced as Defendant's Exhibit No. 1. Also the search warrant issued December 8, 1968, and return thereon, was introduced as Defendant's Exhibit No. 2, and the inventory and schedule of the property seized attached to the return was introduced as Defendant's Exhibit No. 3.

The return on the search warrant issued December 8, 1968, showing the seizure of the marihuana and the arrest of appellant, and the inventory of the property seized, were signed by Cordus Jackson, Jr.

The search warrant introduced by appellant at the hearing on his motion to suppress complied with Art. 18.13 V.A.C.C.P., being directed to the sheriff or any peace officer of Bell County. The fact that an officer other than the affiant or affiants on the affidavit for search warrant conducted or assisted in the search does not render the evidence seized inadmissible. Vojel v. State, Tex.Cr.App., 417 S.W.2d 176.

Ground of error No. 1 is overruled.

■ The second ground of error is:

"The search warrant dated December 8, 1968, issued to Detective Cordus Jackson, Jr., was issued without a sworn complaint being first filed with the Justice of the Peace, who issued the same, and said warrant was, therefore, illegally issued and void."

The search warrant dated December 8, 1968, introduced as Defendant's Exhibit No. 2, recites on its face:

"Whereas, complaint in writing, under oath, has been made before me by Cordus Jackson, Jr., which complaint is hereto attached and expressly made a part hereof, and said complaint having stated facts and information in my opinion sufficient to establish probable cause for the issuance of this warrant * * *."

Also, as stated above, appellant introduced evidence that Cordus Jackson, Jr. had made affidavit for a search warrant on December 5, 1968.

Ground of error No. 3 is: "The Court erred in overruling Appellant's Motion to Suppress the introduction of the marihuana in evidence," and No. 4 is: "The Court erred in overruling Appellant's objection to the introduction of the marihuana in evidence."

Following the voir dire examination of Officer Shelton there was a conference held at the bench between counsel, and the court announced to the jury:

"* * * there is a certain witness in connection with this motion that is not here. He is up at Fort Hood or somewhere around Killeen, and it has necessitated a recess for forty-five minutes until they can get him here because we can't proceed with the motion until we do, so consequently we will recess at this time for forty-five minutes. * * *"

Following the recess, Cordus Jackson, Jr. was called as a witness by the defense on voir dire in the absence of the jury and he identified "an original of a document" which he signed on December 5, 1968, as an affidavit for the issuance of a search warrant which he prepared and upon which the Justice of the Peace issued a search warrant on December 5, 1968, which was returned the same day. Cordus Jackson was closely examined as to why the search warrant issued on December 5,

1968, was returned unserved the same day, and testified in part: "Q. In other words, from the information that you had you weren't sure that it (the marihuana) was there or not? A. I was sure it was in there but kind of like I said, I wasn't sure whether or not there could have been anybody there; there wasn't any lights on or anything to get in the place."

At the conclusion of the hearing on appellant's motion to suppress the court ruled: "The defendant's motion to suppress is denied. Bring in the jury, Mr. Sheriff."

Appellant's able counsel forcefully argued in support of his motion to suppress that the affidavit made by Cordus Jackson, Jr. on December 5, 1968, could not be relied upon because a search warrant was issued upon such affidavit and returned unexecuted the same day. His principal argument is that the affidavit of Cordus Jackson, Jr. does not meet the requirements of Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723, nor of Spinelli v. U. S., 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637.

The affidavit for search warrant dated December 5, 1968, is not a part of the Record on Appeal. It was not introduced at the separate hearing on the motion to suppress or at any time during the trial.

Appellant requested that the clerk include the affidavit in the record and objected to the Record on Appeal because it did not contain such affidavit. He presented to the court his Bill of Exception No. 1 complaining of the District Clerk's refusal to include in the Record on Appeal the affidavit, "a true copy of which is attached," and excepted to the action of the District Clerk in not incorporating the *original affidavit* for a search warrant and asked that the Bill of Exception be filed as a part of the record.

The trial judge refused the bill of exception, stating: "The Defendant's Bill of Exception Number One does not recite

that on May 1, 1969, the date upon which this case was tried before a jury, the affidavit for a search warrant was not introduced or offered into evidence in the hearing on the Defendant's Motion to Suppress, or at any time before, after, or during the trial of this case, and that the affidavit not being introduced into evidence is, therefore, not properly made a part of the Record on Appeal in this case; Irwin v. The State, ([Tex.Cr.App.] 441 S.W.2d 203). I hereby refuse such bill."

The clerk advised appellant's counsel by letter that his Bill of Exception had been refused by the court; that the affidavit for search warrant was never a filed paper in his office which was the reason it was not included in the transcript. A copy of the clerk's letter, appellant's objection and Bill of Exception, which included a copy of affidavit, were added to the transcript.

■ Without regard to whether the trial court was in error in refusing the bill of exception, the copy of the affidavit for search warrant attached to the bill of exception which the court refused is not before us.[1]

■ Without the affidavit upon which the search warrant was issued, we have only the fact that the search warrant dated December 8, 1968, was issued upon and affidavit made three days before, and that a search warrant had issued on the same affidavit and been "returned unserved." This is not alone sufficient to show that the search warrant was issued without affidavit showing probable cause.

■ The rule applicable where the defendant seeks to suppress evidence by motion prior to its being offered is set out in the recent case of United States v. Thompson, 5th Cir., 421 F.2d 373, 377:

"There was uncontradicted testimony at the hearing that a Louisiana criminal district judge issued a warrant for the search, and this testimony was sufficient to establish the issuance of the warrant. See Castle v. United States, 5th Cir. 1961, 287 F.2d 657; United States v. Burkhart, 6th Cir. 1965, 347 F.2d 772. Since the issuance of a warrant was effectively established, the burden of establishing that the search was illegal was on movant-defendant. Rogers v. United States, 5th Cir. 1964, 330 F.2d 535; Batten v. United States, 5th Cir. 1951, 188 F.2d 75; Chin Kay v. United States, 9th Cir. 1962, 311 F.2d 317. Defendant, however, completely failed to sustain his burden of proving that the warrant was illegally issued or executed. Defendant had access to the public records where the warrant was filed; he could have introduced the document into evidence in order to prove that it was illegally issued or executed. He did not do so. In truth, defendant's only complaint is that the prosecution did not introduce the warrant into evidence. We are aware of no rule of procedure, evidence or law that requires the prosecution to introduce a search warrant into evidence under such circumstances as are presented here. There was no error in the trial judge's allowance of testimony concerning the evidence seized at the house of defendant's mother."

Rogers v. United States, 5th Cir. 1964, 330 F.2d 535, cert. denied, 379 U.S. 916, 85 S.Ct. 265, 13 L.Ed.2d 186, cited in United States v. Thompson, supra, states the rule as to burden of proof during the hearing on motion to suppress evidence as follows:

"There is one final question. The defendant maintains that he was unfairly prejudiced by being saddled with the burden of proof during his hearing on his motion to suppress evidence. During the hearing the judge stated it was his opinion that defendant, as the moving party, bore the burden of proof. At the end of the hearing, the district judge stated that he was willing to withdraw his opinion on burden of proof, and, giv-

1. Irwin v. State, supra; Doby v. State, Tex.Cr.App., 383 S.W.2d 418.

ing the defendant the benefit of the doubt, he still ruled against the motion to suppress. We see no reversible error.

"As is true in so many other situations, the burdens of persuasion and of producing evidence in motions for the suppression of evidence have been badly confused. The burden of persuasion is properly and permanently placed upon the shoulders of the moving party. When a criminal defendant claims the right to protection under an exclusionary rule of evidence, it is his task to prove his case. Nardone v. United States, 1939, 308 U.S. 338, 60 S.Ct. 266, 84 L.Ed. 307; Joseph v. United States, 5 Cir. 1956, 239 F.2d 524; Wilson v. United States, 10 Cir. 1955, 218 F.2d 754; United States v. Walker, supra [2 Cir. 1949, 176 F.2d 564]; United States v. Okawa, D.C.Haw.1961, 26 F.R.D. 384. In the areas of coerced confessions and illegal searches and seizures this rule is reinforced by the usual presumption of proper police conduct. 1 Wharton's Criminal Evidence 238 (1955); 22A C.J.S.Criminal Law § 589(1), p. 355.

"The moving party must also bear the burden of producing evidence. If the essential evidence is not brought to light the motion must fail. It is true, however, that in asserting an illegal arrest the defendant must satisfy this burden by showing that the arrest was made without a warrant. While an arrest pursuant to a warrant is prima facie evidence of probable cause, Chin Kay v. United States, 9 Cir. 1962, 311 F.2d 317, 321; Batten v. United States, 5 Cir. 1951, 188 F.2d 75, 77, the prosecutor should be forced to come forward with evidence of probable cause in the absence of a warrant. Plazola v. United States, 9 Cir. 1961, 291 F.2d 56, 58; Wrightson v. United States, 1951, 95 U.S.App.D.C. 390, 222 F.2d 556. Without

such a rule there would be little reason for law enforcement agencies to bother with the formality of a warrant. Furthermore, the evidence comprising probable cause is particularly within the knowledge and control of the arresting agencies.

"In the case before us the defendant had the burden of persuasion. He was not prejudiced by the district judge's treatment to the contrary. The burden of producing evidence is never crucial unless certain necessary facts in a case are not aired. Here all of the salient facts were aired. Few were even in dispute. The defendant, therefore, was not prejudiced by the order in which the evidence was presented. And the district judge allowed defendant's counsel to examine all of the witnesses as hostile. There is no prejudicial error in the record."

Appellant failed to meet the burden of proving that the marihuana was obtained as the result of an unlawful search. The trial court did not err in overruling his motion to suppress.

The judgment is affirmed.

ONION, Judge (dissenting).

I agree with the majority's disposition of ground of error # 1 but I cannot agree with the remainder of the opinion.

In his second ground of error the appellant complains that there was no affidavit or complaint filed for the issuance of the search warrant on December 8, 1968, which was utilized for the search on December 10, 1968.

The majority summarily disposes of such alleged error by partially quoting from the search warrant dated December 8 and introduced before the court by the appellant [1]

1. The search warrant dated December 8, 1968, reads in its entirety as follows:
"THE STATE OF TEXAS TO THE SHERIFF OR ANY PEACE OFFI-
CER OF BELL COUNTY, SAID STATE, GREETING:
"Whereas, complaint in writing, under oath, has been made before me by Cordus

and ignores the rest of the record, particularly the testimony of Officer Cordus Jackson, Jr.

The record reflects that an affidavit for a search warrant was presented to the Justice of the Peace on December 5, 1968, and a search warrant based thereon was issued on the same day. Also on the same date the warrant was returned to the magistrate unexecuted and was marked "unserved" and signed by the officer-affiant Jackson. At the trial the officer-affiant testified he returned the warrant unexecuted after surveillance of the premises. On December 8, 1968, the same officer-affiant appeared before the magistrate and requested that another search warrant be issued. He admitted that no new affidavit or complaint for the issuance of a search warrant was then presented to the magistrate, or that he had even acquired additional information. Whether the officer-affiant requested the magistrate to reconsider the affidavit or complaint filed before such magistrate on December 5 is not reflected by the record.

Nevertheless, the magistrate issued another search warrant dated December 8, 1968, and a search was executed pursuant thereto on December 10, 1968.

Article 18.15, V.A.C.C.P., requires that a search warrant be executed within three whole days after it has issued, exclusive of the day of issuance and the day of execution.

If the search warrant issued on December 5, 1968, had been retained and not returned "unserved" and had been utilized as the basis of the search on December 10, 1968, then the search here involved would have clearly been in violation of Article 18.15, supra. The search warrant would have been functus officio. Holman v. State, 111 Tex.Cr.R. 459, 14 S.W.2d 849; Swanson v. State, 113 Tex.Cr.R. 104, 18 S.W.2d 1082; Glenniwinkel v. State, 114 Tex.Cr.R. 188, 21 S.W.2d 514. Cf. Fletcher v. State, 171 Tex.Cr.R. 74, 344 S.W.2d 683. By the same token, if the search warrant issued on December 8, 1968, was not based on any affidavit or complaint at all, the search would be illegal. Fourth and Fourteenth Amendments, United States Constitution; Article I, Sec. 9, Texas Constitution; Articles 18.01 and 38.23, V.A.C.C.P.

In Sgro v. United States, 287 U.S. 206, 53 S.Ct. 138, 77 L.Ed. 260, the Supreme Court wrote:

"The proceeding by search warrant is a drastic one. Its abuse led to the adoption of the Fourth Amendment, and this, together with legislation regulating the process, should be liberally construed in favor of the individual.

\* \* \* \* \* \*

"The issue of a second warrant is essentially a new proceeding which must have adequate support. The fact that it is a second warrant gives the commissioner no privilege to dispense with the statutory conditions. These cannot be escaped by describing the action as a reissue. If the warrant is the old one,

Jackson, Jr., which complaint is hereto attached and expressly made a part hereof, and said complaint having stated facts and information in my opinion sufficient to establish probable cause for the issuance of this warrant; You are therefore commanded to forthwith search the place therein named and described where a narcotic drug is alleged to be concealed and if you find that for which you are directed to search you will seize the same and bring it before me at Killeen, in said county on the ___ day of Instanter, 19___; and you will also arrest and bring before me, at said place and time, the said Jose

A. Mattei accused of concealing said narcotics. Herein fail not, and due return make hereof to me at the place and time above named.

"Witness my signature on this the 8th day of December, 1968.

/s/ A. M. Turland
Justice of the Peace
Precinct No. 4
Bell County, Texas"

Such warrant reflects that without an address and a description of premises in some affidavit the officers executing the warrant would not have known what place they were authorized to search.

sought to be revived, the proceeding is a nullity, and if it is a new warrant, the commissioner must act accordingly. The statute in terms requires him before issuing the warrant to take proof of probable cause. This he must do by examining on oath the complainant and his witness and requiring their affidavits or depositions. The proof supplied must have appropriate relation to the application for the new warrant and must speak as of the time of the issue of that warrant. The commissioner has no authority to rely on affidavits which have sole relation to a different time and have not been brought down to date or supplemented so that they can be deemed to disclose grounds existing when the new warrant is issued. The new warrant must rest upon a proper finding and statement by the commissioner that probable cause then exists. That determination, as of that time, cannot be left to mere inference or conjecture. The purpose of the statute would be thwarted if by the simple expedient of redating, without more, the time for the execution of a warrant could be extended."

Assuming that the affidavit stated probable cause, the officer-affiant after obtaining the search warrant and after further investigation returned the search warrant to the magistrate "unserved." On December 8, the officer-affiant made no new affidavit nor does the record reflect he ever asked the magistrate to issue a new warrant based on the old one. If he acquired additional evidence relating to probable cause it is not shown to have been brought to the magistrate's attention. Under these circumstances the issuance of the second search warrant which was utilized was essentially a new proceeding requiring adequate support, which was not available or shown by this record.

While an affidavit need not bear exactly the same date as the search warrant to support the issuance thereof, the act or event upon which probable cause is based must have occurred within a reasonable time prior to the making of the affidavit. Hall v. State, 171 Tex.Cr.R. 227, 347 S.W. 2d 262. For an affidavit which has served as the basis for issuance of one search warrant to be utilized again and again for the issuance of future search warrants, even if such subsequent warrants have been obtained within the time limits prescribed by Article 18.15, supra, for the execution of the first or subsequent warrants, there must be a consideration of whether such affidavit states probable cause based on an act or event occurring within a reasonable time of the execution of the affidavit which will support the issuance of successive search warrants and whether the very spirit of the requirements of Article 18.15, supra, have been complied with.

The issuance of the second search warrant being essentially a new proceeding did not have the adequate support required by law. Reversal, for this reason alone, is thus necessary.

There is more. In his third and fourth grounds of error appellant contends the affidavit, if any, upon which the search warrant was based is insufficient to show the requisite probable cause under the decision of Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723, explicated in Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637. These contentions are based on the theory that if the search warrant of December 8 could have been legally issued based upon the affidavit of December 5, nevertheless, such affidavit is insufficient to reflect probable cause.

The State seeks to defeat such contention by urging that the affidavit is not properly in the record before us and that the question of the legality of the search is not presented for review. The State relies upon Lee v. State, 167 Tex.Cr.R. 608, 322 S.W.2d 260; Irwin v. State, Tex.Cr.App., 441 S.W.2d 203; and Doby v. State, Tex. Cr.App., 383 S.W.2d 418. We must therefore examine the record to determine if the affidavit is before us.

At the commencement of appellant's trial on May 1, 1969, his counsel announced to the court he had not been able to take advantage of pre-trial hearings set by the court, but that he would object to certain evidence if it was introduced by the State. Shortly thereafter he orally objected to testimony sought to be elicited concerning the search and the jury was retired. Apparently at this time he filed a "Motion to Suppress and Objection to Introduction of Marihuana in Evidence." [2]

When such timely objection is made it is incumbent upon the State, under the facts, to produce and exhibit to the court a valid search warrant. If the State fails to do so and without more the appellant's objection is overruled permitting evidence of the search and its fruits to be admitted, reversible error will result. Vines v. State, Tex. Cr.App., 397 S.W.2d 868; Nunez v. State, 168 Tex.Cr.R. 455, 329 S.W.2d 93; Brown v. State, 166 Tex.Cr.R. 322, 313 S.W.2d 297; Henderson v. State, 108 Tex.Cr.R. 167, 1 S.W.2d 300; Blackburn v. State, 145 Tex.Cr.R. 384, 168 S.W.2d 662. See also Ciulla v. State, 434 S.W.2d 948 (Tex.Civ. App.); 11 Tex.Digest, Crim.Law, Sec. 394.5(1); 51 Tex.Jur.2d, Searches and Seizures, Sec. 42, p. 729.

This burden on the State is well explained in Jones, "Translating Recent Supreme Court Decisions Into Courtroom Reality," 19 Baylor Law Review, No. 3, p.

371, 397, 398 (Summer—1967). There it was written:

"The Fourth Amendment requires fruits of a search conducted by officers to be barred unless the search was reasonable.

"A predicate consisting of proof sufficient to show prima facie that the search was reasonable must be laid before fruits of the search will be admissible.

"The burden of laying that predicate is on the prosecution. Where that burden is not met and defendant interposes proper objection the judge will reversibly err if he admits before the jury testimony showing fruits of the search.

"The prosecution will discharge that burden if, in the hearing held by the judge out of the presence of the jury, there is adduced proof sufficient to show that the search was conducted pursuant to a search warrant valid on its face, * * *."

In James v. State, 146 Tex.Cr.R. 456, 175 S.W.2d 966, it was held that the State laid a proper predicate for the admission of the fruits of the search when the proof reflected the affidavit and warrant were examined by the judge even though the appellate record did not contain such instruments. When the State has produced and exhibited the search warrant and supporting affidavit to the trial judge, it will be

---

2. Prior to the 1965 Code of Criminal Procedure there was no statutory provision for a motion to suppress evidence and a denial of such motion was not error. Dominguez v. State, 161 Tex.Cr.R. 124, 275 S.W.2d 677; Johnson v. State, 111 Tex.Cr.R. 395, 13 S.W.2d 114. The defendant was required to make objections to the evidence at the trial on the merits under the procedural requirements laid down in Rosales v. State, Tex.Cr.App., 399 S.W.2d 541; Ramos v. State, Tex. Cr.App., 395 S.W.2d 628, 629; and Pritchett v. State, 152 Tex.Cr.R. 432, 214 S.W.2d 623. Article 28.01, V.A.C.C.P., 1965, dealing with pre-trial hearings, is the only statute wherein any mention of a motion to suppress is found, and in Bosley v. State, Tex.Cr.App., 414 S.W.2d 468, the difference between such statute and Rule 41 of the Federal Rules of Criminal Procedure was discussed, it being held that a Texas motion to suppress was not a prerequisite to the right to object during the trial. While the statutory motion to suppress appears to be only a pre-trial motion whether the objection made during trial is termed an "objection" or "motion to suppress," or both, appears to be immaterial. Nothing in Article 28.01, supra, authorizes a change in the burden of proof or persuasion when objection is made during trial from that long recognized and established in this state.

presumed on appeal that they were regular if proof shows they were examined by the judge, evidence of the search permitted and such instruments do not appear in the appellate record. To secure an appellate review, it is incumbent upon the defense to see that such instruments are contained in the record or made part of an appropriate bill of exception.

Normally, to insure that the record will clearly show that the warrant and supporting affidavit have been produced and exhibited to the trial judge, the State will have such instruments marked for identification and introduced into the record *before the court*. Such instruments should not, however, be introduced before the jury. Such action might result in reversible error. See 51 Tex.Jur.2d, Searches and Seizures, Sec. 42, p. 729. As earlier noted, though, the State is not required to introduce such instruments.

In the case at bar, when the objection was interposed the jury was removed, and without waiting for the State to lay the proper predicate the appellant took one of the witnesses on voir dire and then called other witnesses in an effort to show the illegality of the search. At such hearing the affidavit or complaint in question was handed to two officer-witnesses who identified it in the presence of the trial judge as the affidavit filed by them on December 5, 1968, in support of the search warrant issued that same day. Such search warrant was admitted into evidence and it contained the phrase "which complaint is hereto attached and expressly made a part hereof." Whether the affidavit or complaint was a part of the search warrant at the time of the warrant's admission into evidence is not reflected by the record. Subsequently, the search warrant dated December 8, 1968, was introduced by the appellant into evidence before the court. Still later, appellant's counsel read to the trial court from the affidavit and then argued at length that the same did not meet the requirements of Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d

723, 732 and Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637. His objection was overruled.

The State in its brief, while pointing out that the affidavit was never introduced, states that "its provisions were recited to the court by the counsel for the defendant" and that the affidavit was "quoted * * * to the court." Even the page numbers of the record where such action occurred are called to our attention by the State.

Upon discovering that the affidavit in question as a separate instrument was not a part of the record, appellant's counsel objected to the approval of the record for the failure of the clerk to include the same. It does not appear that upon such objection the appellant was accorded a hearing on the same by the court as required by Article 40.09, Sec. 7, V.A.C.C.P. Further, appellant sought to utilize a formal bill of exception to reflect the affidavit had been introduced or exhibited to the trial judge. See Article 40.09, Sec. 6, V.A.C.C.P. To such bill of exception appellant attached a photostatic copy of the affidavit in question reflecting the original signature of the Justice of the Peace acting as a magistrate taking the oath thereto and the exact time noted on the affidavit at which the search warrant based thereon had been issued. Such affidavit reflects the written notation, "Reissue 12–8–68."

The trial judge refused such bill of exception stating that the affidavit in question had not been introduced at the separate hearing or at any time during the trial. He did not assert that the same had not been exhibited to him or read to him, and the State makes no claim that the photostatic copy of the affidavit attached to and made a part of the formal bill of exception is not the affidavit in question. The trial judge found the formal bill of exception "to be incorrect in the following particulars"—that the affidavit had never been introduced. Not to leave anything to chance, appellant set out in part the essen-

tial part of the affidavit in question in his appellate brief filed in the trial court.

In Doby v. State, Tex.Cr.App., 383 S. W.2d 418, cited by the State, the instruments in question were attached only to a motion for rehearing filed in this Court and did not appear in the record. In Lee v. State, 167 Tex.Cr.R. 608, 322 S.W.2d 260, the Court noted Lee's counsel had not perfected his bill of exception by transmitting to this Court the instruments in question, and in Irwin v. State, Tex.Cr.App., 441 S.W.2d 203, on original submission, it was noted that the instruments were only attached to a motion to suppress. On rehearing in Irwin the instruments were considered, a supplemental transcript having been filed.

If there was any question as to the affidavit made a part of the formal bill of exception being the affidavit in question, we could, in light of the constitutional question presented, remand this cause to the trial court for a further development of the facts if the same is necessary for a proper disposition of this cause. See Henry v. Mississippi, 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408; Hullum v. State, Tex.Cr. App., 415 S.W.2d 192.

The State, however, does not challenge the appellant's assertion that the affidavit brought forward is the affidavit upon which the search warrant was based, but merely contends it is not properly brought forward in the record.

Article 44.23, V.A.C.C.P., provides in part:

"* * * and no affirmance or reversal of a case shall be determined on mere technicalities or on technical errors in the preparation and filing of the record on appeal."

To rely upon the State's contention for affirmance under the particular circumstance presented would bring about the following situation.

After the issuance of the mandate in this case the appellant will be placed in the Texas Department of Corrections. He will then be able to file a post conviction writ of habeas corpus in the convicting court. See Article 11.07, V.A.C.C.P., as amended 1967; Ex parte Young, Tex.Cr. App., 418 S.W.2d 824. If he properly alleges his conviction resulted from an illegal search, he will be returned by bench warrant to the convicting court at the expense of the taxpayers. If he is then indigent and unable to employ counsel, the same will be furnished him at county expense. If at such hearing he introduces the affidavit in support of the search warrant and shows it defective, then the record will have to be transcribed and forwarded to this Court with the trial judge's findings and conclusions. If the affidavit is shown to be the same as now set forth in his formal bill of exception, then the matter will be set for submission, oral arguments will be permitted, and then this Court will have to write another opinion, setting aside the conviction which is today affirmed. This would be nothing more than judicial wheel spinning which we can ill-afford.

Further, there is a federal constitutional question here involved, and if this matter ever reaches a federal court it will be the arbiter of the federal question and will not be impressed with nicety or technicality of the state procedural rule relied upon by the prosecutor and rightly so.

Therefore, considering that the affidavit in question is in the record before us, I think it should be reviewed.

The affidavit reads as follows:

"THE STATE OF TEXAS     X
"COUNTY OF BELL     X

"Before me the undersigned authority, on this day personally appeared Cordus Jackson, Jr., who, after being duly sworn on oath deposes and says: That I have good reason to believe and do believe that on or about the 5th. day of December, 1968, in the county and state aforesaid Jose A. Mattei did then and there possess a

narcotic drug, to-wit, Marihuana and dangerous drugs. And that I have good reason to believe and do believe that said narcotic drug is now concealed by Jose A. Mattei in the said county and state at 925 West Rancier Ave., Apt. #5 Killeen, Texas which said premises are occupied and under the control of Jose A. Mattei.

"That my belief of the foregoing facts is based upon information received from reliable, credible and trustworthy citizens of Bell County, Texas, which information is as follows, to-wit: That I have information from a reliable source, that source being the United States Army Criminal Investigation Division Ft. Hood, Texas, that marihuana and/or dangerous drugs are possessed, stored and concealed by the above named person at the above address. This information I believe to be true and correct.

"That the above information has been given to the undersigned and to other peace officers by this and other sources of information.

"That because the source of information mentioned in the foregoing paragraph has given information to the undersigned on previous occasions that was correct, and because this same information is given by other sources the undersigned has just reason to believe and does believe that the above described illicit property is being secreted in the above said person.

"Wherefore, I ask that a warrant to search the above described place be forthwith issued in accordance with the law in such cases provided.

/s/ Cordus Jackson, Jr.

"Sworn to and subscribed before me this the 5 day of Dec., 1968.

/s/ A. M. Turland
JUSTICE OF THE PEACE
Precinct No. 4 Place _____.
Bell County, Texas."

It is clear from reading the affidavit that if there is probable cause it is based upon hearsay unaided by any independent corroboration, surveillance or any direct personal knowledge or observation of the affiant.

Therefore, we must determine whether the affidavit in question meets the two pronged test of Aguilar.

In Aguilar the Court wrote:

"Although an affidavit may be based on hearsay information and need not reflect the direct personal observations of the affiant, Jones v. United States, 362 U. S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697, 78 A.L.R.2d 233, the magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed, see Rugendorf v. United States, 376 U.S. 528, 84 S.Ct. 825, 11 L.Ed.2d 887, was 'credible' or his information 'reliable.' Otherwise, 'the inferences from the facts which lead to the complaint' will be drawn not 'by a neutral and detached magistrate,' as the Constitution requires, but instead by a police officer 'engaged in the often competitive enterprise of ferreting out crime,' Giordenello v. United States, supra, 357 U.S. [480] at 486, 78 S.Ct. [1245] at 1250, 2 L.Ed.2d [1503] at 1509; Johnson v. United States, supra, 333 U.S. [10] at 14, 68 S. Ct. [367] at 369, 92 L.Ed. [436] at 440, or, as in this case, by an unidentified informant."

In 53 California Law Review 840, the Supreme Court's Aguilar rule where sufficient corroboration is absent was discussed. There it was said: "[T]he 'underlying circumstances' of both the informer's conclusion of guilt and the officer's conclusion that the informer is reliable must be put forth before the reviewing magistrate." (at page 833) (emphasis supplied)

"The Aguilar synthesis combined the requirement that he have an adequate basis for his allegations, emphasizing the need for 'underlying circumstances' in support of *each* element." (at page 844) (emphasis supplied)

A reading of the affidavit reflects that it fails to set forth any of the "underlying circumstances" necessary to enable the magistrate to independently judge the informant's conclusion that the narcotics and drugs were where he or they said the narcotics and drugs were. The affidavit merely states that affiant received information from "the United States Army Criminal Investigation Division, Ft. Hood, Texas; that marihuana and/or dangerous drugs are possessed, stored and concealed by the above named person at the above address." The magistrate was not told how the affiant's source received his or its information nor is it alleged that the informant personally observed the appellant in possession of such narcotics and drugs or had been in the apartment in question and had observed the same. If the informant came by the information indirectly he or it did not explain why his sources were reliable. Jaben v. United States, 381 U.S. 214, 85 S.Ct. 1365, 14 L.Ed.2d 345; Spinelli v. United States, supra. There is no statement in the affidavit setting forth the manner in which the information was gathered. The magistrate had no way of knowing whether he was relying upon anything "more substantial than a casual rumor circulating in the underworld or an accusation based merely on an individual's general reputation." Spinelli v. United States, supra.

The affidavit, then, falls short of the standards set forth in Aguilar since it does not meet the first prong of the test set forth in that decision. The sufficiency of the affidavit is not saved by the printed form portion of the affidavit which asserts "that the above information has been given to the undersigned and to other peace officers by this *and other sources of information.*" This is so because both or each ele-

ment of the Aguilar test must be supported by "underlying circumstances."

Therefore, even if I were to conclude that the affidavit in question could, if it stated probable cause, be used for the issuance of the second or subsequent search warrant here involved, I cannot agree that it states sufficient probable cause.

For the reasons stated, I dissent as vigorously as I know how.

MORRISON, J., joins in this dissent insofar as the third and fourth grounds of error are concerned.