Chester Ray Garrett v. State









\





IN THE
TENTH COURT OF APPEALS
 

No. 10-98-347-CR

     CHESTER RAY GARRETT,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the County Court
Navarro County, Texas
Trial Court # 44856
                                                                                                                

O P I N I O N
                                                                                                                

      Chester Ray Garrett pled nolo contendere to possession of marihuana then appealed the court’s
pretrial denial of his motion to suppress illegally seized evidence. Tex. R. App. P. 25.2(b)(3)(B). 
Finding no error, we will affirm the judgment.
FACTS
      On November 2, 1997, Captain Jimmy Spencer and Deputy Brad Gannon of the Navarro
County Sheriff’s Department were contacted by an informant that they each had relied on in the
past. The informant told them that Garrett went to Dallas to buy drugs that he intended to sell in
the Kerens and Goodlow communities. The informant also told the officers that Garrett would be
returning between 8:00 and 9:00 p.m.
      At 9:08 p.m. the officers saw Garrett in the passenger seat of a car coming into Goodlow. 
Believing this to corroborate the tip received earlier, they decided to do an investigatory stop. 
After Garrett pulled over, the officers approached the vehicle, one on the driver’s side and the
other on the passenger’s side. Spencer saw Garrett reach under his seat and, being familiar with
Garrett’s criminal history, became concerned for his and Gannon’s safety. Spencer then asked
Garrett to step out of the car so he could do a weapons search. During the “pat down,” Spencer
felt a knife and what he believed to be marihuana. He pulled the suspected marihuana out of
Garrett’s pocket and confirmed his suspicions. Garrett was then arrested.
MOTION TO SUPPRESS
      In two issues, Garrett challenges the court’s denial of his motion to suppress, alleging: 1) the
State failed to meet its burden to show the validity of the arrest, and 2) the scope of the search
exceeded a reasonable search for weapons.
standard of review
      In the review of a ruling on a motion to suppress evidence, we afford almost total deference
to a trial court's determination of historical facts that the record supports, especially when the
court's fact findings are based on an evaluation of credibility and demeanor. Guzman v. State, 955
S.W.2d 85, 89 (Tex. Crim. App. 1997). We afford the same amount of deference to the court's
rulings on application of law to fact questions, known as "mixed questions of law and fact," if the
resolution of those ultimate questions turns on an evaluation of credibility and demeanor. Id. We
review de novo mixed questions of law and fact not falling into this category. Id. 
      When a defendant seeks to suppress evidence on the basis of a Fourth Amendment violation,
the burden of proof is initially on the defendant. Russell v. State, 717 S.W.2d 7, 9 (Tex. Crim.
App. 1986); Mattei v. State, 455 S.W.2d 761, 765-66 (Tex. Crim. App. 1970). After a defendant
has established that a search or seizure occurred without a warrant, the burden of proof shifts to
the State to produce either evidence of a warrant or to prove the reasonableness of the search or
seizure pursuant to one of the recognized exceptions to the warrant requirement. Telshow v. State,
964 S.W.2d 303, 307 (Tex. App.—Houston 1998, no pet.). 
Legitimacy Of The Stop
      Garrett’s first issue argues that the State failed to show that the tip relied upon to detain him
was trustworthy because both officers refused to identify the informant or to reveal the nature of
their relationship with the informant. 
      Law enforcement officers may stop and briefly detain persons suspected of criminal activity
on less information than is constitutionally required for probable cause to arrest. Tarvin v. State,
972 S.W.2d 910, 912 (Tex. App.—Waco 1998, pet. ref’d) (citing Terry v. Ohio, 392 U.S. 1, 21,
88 S.Ct. 1868, 1880, 20 L.Ed.2d 889 (1968); State v. Sailo, 910 S.W.2d 184, 187 (Tex.
App.—Fort Worth 1995, pet. ref'd)). To justify the intrusion, the officer must have specific
articulable facts which, in light of his experience and personal knowledge, together with inferences
from those facts, would reasonably warrant the intrusion on the freedom of the citizen detained
for further investigation. Id. (citing Johnson v. State, 658 S.W.2d 623, 626 (Tex. Crim. App.
1983)). The officer must have a reasonable suspicion that some activity out of the ordinary is
occurring or has occurred, some suggestion to connect the detained person with the unusual
activity, and some indication the activity is related to a crime. Id. 
      Each officer testified that he knew the informant, had used him multiple times in the past, and
always found his information to be reliable. On this occasion, the informant told the officers when
Garrett would be returning from Dallas, and the officers saw Garrett riding as a passenger in a car
traveling from the direction of Dallas around the time given by the informant. Garrett does not
dispute that, assuming reliability, this evidence would justify an investigatory stop. Rather, he
suggests that the information was not proven reliable because the officers refused to reveal the
informant’s identity.
      The State has a privilege to refuse to disclose the identity of a confidential informant. Tex.
R. Evid. 508(a). Three exceptions to the privilege exist: (1) the informer voluntarily discloses
his identity or appears as a witness for the State; (2) the informer may be able to give testimony
necessary to a fair determination of guilt or innocence; or (3) evidence from the informer is relied
upon to establish the legality of obtaining evidence and the court is not satisfied that the
information was received from a reliable or credible source. Id. 508(c); Howard v. State, 1999
WL 427877, *2 (Tex. App.—Corpus Christi June 24, 1999, no pet. h.). During the suppression
hearing, Garrett made no showing that any of these exceptions applied. Issue one is overruled.
Search for Officer’s Safety
      Garrett’s second issue asserts that the court erred in denying his motion to suppress because
the search exceeded the scope of a reasonable search for weapons.
      Terry v. Ohio authorizes an officer, without probable cause for arrest, to conduct a limited
search of the detainee's outer clothing for weapons when specific and articulable facts lead him
to reasonably conclude that the person with whom he is dealing is armed and dangerous. Terry,
392 U.S. at 21, 88 S.Ct. at 1879-81. The purpose of a limited search for weapons following an
investigative stop is not to discover evidence of a crime, but to allow the officer to pursue the
investigation without fear of violence. Davis v. State, 829 S.W.2d 218, 220 (Tex. Crim. App.
1993) (quoting Wood v. State, 515 S.W.2d 300, 306 (Tex. Crim. App. 1974)). We recognize a
"plain-feel" exception to the warrant requirement of the Fourth Amendment by analogizing it to
the plain-view doctrine. Minnesota v. Dickerson, 508 U.S. 366, 113 S.Ct. 2130, 124 L.Ed.2d
334 (1993); Campbell v. State, 864 S.W.2d 223, 225-26 (Tex. App.—Waco 1993, pet. ref’d). 
"If a police officer lawfully pats down a suspect's outer clothing and feels an object whose contour
or mass makes its identity immediately apparent, there has been no invasion of the suspect's
privacy beyond that already authorized by the officer's search for weapons; if the object is
contraband, its warrantless seizure would be justified by the same practical considerations that
inhere in the plain view context." Dickerson, 508 U.S. at 376, 113 S.Ct. at 2137.
      Spencer testified that he feared for his and Gannon’s safety based on the circumstances
surrounding the investigatory stop and his knowledge of Garrett’s criminal history. Thus, the pat-down search was justified. Spencer further testified that it was immediately apparent that a baggie
which he felt in Garrett’s coat pocket contained illegal drugs. Thus, the seizure of the marihuana
was likewise justified. Matter of L.R., 975 S.W.2d 656, 658-59 (Tex. App.—San Antonio 1998,
no pet.) (applied to juveniles); Garcia v. State, 967 S.W.2d 902, 907 (Tex. App.—Austin 1998,
no pet.). Issue two is overruled.
      The judgment is affirmed.

                                                                       BILL VANCE
                                                                       Justice

Before Chief Justice Davis,
          Justice Vance, and
          Justice Gray
Affirmed
Opinion delivered and filed August 11, 1999
Do not publish