

# IN THE
# TENTH COURT OF APPEALS

### No. 10-08-00185-CR

**THE STATE OF TEXAS,**

                                      **Appellant**

**v.**

**PAUL DAVID ROBINSON,**

                                      **Appellee**

**From the County Court**
**Freestone County, Texas**
**Trial Court No. 21659**

## DISSENTING OPINION

This may be the most important decision we make this year. It is almost certainly the most important decision in a criminal case this year. Although it does not affect my opinion, the Court's holding could have significant adverse economic consequences on the efficient prosecution of any charge for driving-while-intoxicated in which the State is relying on blood-alcohol-content evidence.

The Court errs, as did the trial court, in placing the burden of proof on the State to prove that the blood draw was taken in compliance with the relevant statute. It is solely this error, the placement of the burden of proof, that has resulted in the erroneous

suppression of the blood evidence.  I respectfully dissent to the Court's opinion and judgment.

## BACKGROUND

Robinson was arrested for driving under the influence, better known as driving while intoxicated – DWI.  He filed a motion to suppress the blood-alcohol-content evidence by pretrial motion and hearing.  He raised a number of grounds upon which the blood evidence should be suppressed, including that it was without a warrant, was drawn without his consent, and that it was not taken in accordance with Texas Transportation Code section 724.017 and should, therefore, be suppressed under Texas Code of Criminal Procedure article 38.23.

## THE HEARING

The hearing was held before the county judge who would not be expected to be fully in tune with the niceties of a shifting of the burden of proof, burden of production or going forward with evidence, or, ultimately, the burden of persuasion.  The trial court, understandably, looked to and expected the movant to go first at the hearing.  It was his motion.

At this point, at the very beginning of the hearing on the motion to suppress, there was some discussion of who should go first and which party had what burdens.

No one, including me, disputes that Robinson had the burden of proving a warrantless seizure of evidence.  No one, including me, contends the blood sample was taken pursuant to a warrant and the State stipulated to that fact and proceeded to prove that the defendant consented to the blood draw.  And it was then that the hearing

became a legal jigsaw puzzle, because the legal issues involved, and specifically who had the burden of proof on various issues, allegations, and defenses, became confused.

The State called the arresting officer. He recounted, as best he could recall, the events of the night of the arrest. His testimony on direct appears to primarily have been to establish that Robinson consented to the blood draw, thus proving a valid seizure in the absence of a warrant. But his testimony also spilled over into another issue -- whether the blood draw was performed in compliance with Texas Transportation Code section 724.017. On cross-examination, Robinson explored a number of what may initially appear to be inconsistencies between the officer's usual procedures, his recollection of the specific event, his report of the event, and the in-car video/audio of the events of that night. In the course of cross-examination, the officer was interrogated about who took the blood draw and the manner of having taken it. The officer, noting it had been a very long time since the events of that night and he had worked for two other departments since then, testified he could not recall many of the specific facts; for example, if the blood was taken from the left or right arm, and whether the tube was swirled five times after the blood draw.

Additionally, the officer was asked many of the questions relevant to retrograde extrapolation of blood alcohol content to determine what the blood alcohol content would have been at the time of arrest. It was evident that Robinson's trial counsel was well versed on the issues and obtained some responses that may make it difficult for the State to effectively use the blood alcohol concentration level at trial.

But as the State's attorney argued to the trial court, this hearing was about suppression of the evidence, not the weight it may ultimately have when admitted.

After the officer was through testifying, the hearing devolved into a convoluted discussion about what issues were proper for this hearing, whether the hearing needed to be continued until the testimony of another witness could be obtained, or whether there was a need to call the other witness in light of the relevant issues. During this discussion, the trial court made the following statement:

> THE COURT: We are here on a Motion to Suppress, and the – there are numerous issues that have been addressed. Probably the most compelling to me at this point, though, is that the State must prove who took the blood and whether it was a qualified person under the statute to take the blood, and that to me is the most compelling issue that we would be looking at at this point. These others are things certainly that could be argued if in fact it got to that point. But the State to me has not proved, has not met the burden to prove who took the blood and that they were a qualified person under the statute.

Not surprisingly, the hearing concluded shortly thereafter with no clarification of the burden of proof. It is clear that the trial court placed the burden of proof to show that the blood draw was performed in compliance with the statute, Texas Transportation Code section 724.017, on the State, failing to prove such the trial court was going to suppress the blood evidence. Specifically, the trial court was focused on the fact that the State had not proved to the court's satisfaction that the person who drew the blood was qualified as required by the statute, Texas Transportation Code section 724.017.

The State proceeded to argue that its proof on the identity of the person was adequate.  The trial court, however, was not persuaded.  After a very brief discussion, the hearing concluded, as follows, interrupted only by the noise of a passing truck:

THE COURT:  Well, based on the testimony, I am going to suppress the blood test.  However, I do not grant any of the other.

MR. MOORE:  Your Honor, I'm sorry, the truck, I didn't hear the last thing you said?

THE COURT:  I am not going to grant the other parts of the Motion to Suppress as to the – saying that it was an illegal arrest and that therefore all of the fruits would be excluded.

MR. MOORE:  Yes, ma'am.

THE COURT:  I'm not going to grant that.

MR. MOORE:  Yes, ma'am, I understand.  I'll prepare an order for the Court.

## ORDER

The trial court's order is as follows:

On May 14, 2008, came on to be considered Paul David Robinson's Motion to Suppress Blood Test, and said motion is hereby
(Granted)   (~~Denied~~)

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Upon proper request, the trial court signed findings and conclusions as follows:

In response to the request of the State of Texas, by and through the Assistant County Attorney in the above styled and numbered cause, the Court makes and files the following as original Findings of Fact and Conclusions of Law:

*Findings of Fact*

1. That Paul David Robinson is the Movant in a Motion to Suppress and that he appeared in person and by attorney, David Moore, and announced ready for hearing and that the State of Texas is the Respondent and appeared in person by the Assistant County Attorney, Matt Boyle, and announced ready for hearing.

2. That hearing was had on the Motion to Suppress Blood Test on the 14th day of May, 2008.

3. That the Court heard evidence in this cause and did not find grounds for suppression based on the warrantless arrest or on the voluntariness of defendant's consent in the taking of the blood specimen..[sic]

4. The Court did find that the evidence did not prove the blood was taken by a person listed in the statute as qualified under the law to withdraw the specimen.

5. Any finding of fact that is a conclusion of law shall be deemed a conclusion of law.

*Conclusions of Law*

IT IS THEREFORE concluded based on the evidence presented that the Motion to Suppress is granted.

DATED the 2nd day of July, 2008.

#### ANALYSIS

The blood evidence was suppressed because the trial court erroneously believed the State had the burden to prove "the blood was taken by a person listed in the statute as qualified under the law to withdraw the specimen." Unfortunately, the two potentially relevant findings, 3 and 4, are both stated in the negative; in essence, what the trial court did not find was proved by the evidence. As such, there are no affirmative findings of what she found, but with the full record of the hearing before us, the findings can be understood and given meaning.

Looking to the record of the hearing, the only reference to the person who drew the blood was that it was a nurse (live testimony by the officer), and that it was an emergency room technician (oral testimony about what was in his report, but the report was not introduced into evidence). I will readily concede, as I must under this record and the proper standard of review for review of a suppression hearing ruling, that there is no evidence that the person actually met the qualifications required by the Transportation Code.

Thus, the legal issue for this appeal is solely who had the burden of proof regarding compliance with the Transportation Code, section 724.017(a), requirements under the State's statutory exclusionary rule. TEX. CODE CRIM. PROC. ANN. art. 38.23(a) (Vernon 2005). I believe case authority by which we are bound places that burden squarely on the person seeking exclusion of the evidence – Robinson.

With all due respect, I believe footnote 2 in the Court's opinion reflects that the Court has misunderstood what the State was acknowledging and the consequences of the State's stipulation. It is not at all uncommon for a prosecutor to stipulate that a search or seizure was without a warrant. The prosecutor thus stipulates to a warrantless seizure and proceeds to prove a constitutionally acceptable exception to the Constitutional warrant requirement. Unless the prosecutor can then prove an exception to the warrant requirement, the evidence must be suppressed.

In this proceeding, when the State proved Robinson consented to the blood draw, the State had met the burden of going forward with the evidence that it had assumed by making the stipulation. If there was some other reason to suppress the

blood draw, in essence, a statutory ground like article 38.23 and Transportation Code section 724.017, I do not believe that the burden to prove compliance was assumed by the State's stipulation. That would be a burden to prove compliance with a statute and such compliance is presumed.

Further, I am not sure that a prosecutor can cause such a profound change in the law by such a stipulation as to actually alter the placement of the burden of proof. I have found no authority for such a shift nor has the Court cited any. It is important to note that what the prosecutor was stipulating to was a factual issue; a warrantless seizure. The Court has presumed the prosecutor can stipulate to a change in the placement of the burden of proof. I do not think a prosecutor can make such a stipulation.

The following is the Court of Criminal Appeals's conclusion regarding the burden to prove the violation of a statute, the result of which would require the exclusion of the evidence obtained in violation of the statute. *See Pham v. State*, 175 S.W.3d 767 (Tex. Crim. App. 2005). While the evidence was obtained allegedly in violation of a provision of the Family Code rather than the Transportation Code, its holding nevertheless applies to all efforts to suppress evidence under article 38.23 of the Texas Code of Criminal Procedure.

The Court of Criminal Appeals in *Pham* concluded:

> Thus, the court of appeals correctly held that the burden is on the defendant, as the moving party in a motion to suppress evidence obtained in violation of the law under Art. 38.23, to produce evidence demonstrating the causal connection which this court required in *Gonzales II*. The burden then shifts to the State to either disprove the evidence the

defendant has produced, or bring an attenuation-of-taint argument to demonstrate that the causal chain asserted by the defendant was in fact broken.

*Id.* at 774.

In its discussion leading up to this conclusion, the Court of Criminal Appeals discusses the holdings of several key prior decisions.

> We also uphold the court of appeals' distribution of the burdens of proof in both of these cases. We have long held that "the burden of persuasion is properly and permanently placed upon the shoulders of the moving party. When a criminal defendant claims the right to protection under an exclusionary rule of evidence, it is his task to prove his case." *Mattei v. State*, 455 S.W.2d 761, 766 (Tex. Crim. App. 1970) (quoting *Rogers v. United States*, 330 F.2d 535 (5th Cir. 1964), *cert. denied*, 379 U. S. 916, 85 S. Ct. 265, 13 L.Ed.2d 186 (1964)). In *Russell v. State*, we again cited this holding. Recognizing that this analysis was used for federal claims of illegal search and seizure under the Fourth Amendment, and because Texas statutory law is silent as to how the burden of proof is distributed on a motion to suppress, this Court adopted some of the rules followed by federal courts in distributing burdens of proof. *Russell v. State*, 717 S.W.2d 7, 9 (Tex. Crim. App. 1986).

> Appellant argues that the burden should be on the State to show the causal connection, and analogizes this situation to the admissibility of confessions when issues of voluntariness are raised. Although the burden is on the State to prove that a defendant's confession was voluntary once the issue has been raised, that situation may be distinguished from the statutory violation of the Texas Family Code we have here. All a defendant must do on a claim of involuntary confession is to demonstrate there is a cognizable violation, and the confession is immediately presumed inadmissible unless the State can prove by a preponderance of the evidence that it was made voluntarily. *United States v. Reynolds*, 367 F.3d 294 (5th Cir. 2004). There is no requirement that a defendant establish any causal connection between the illegal conduct and the ensuing confession; the defendant simply must raise the voluntariness issue. In this case, it is not enough for the defendant to merely establish a violation. Under Texas case law, it is required that a causal connection be established, and we hold that the defendant, as the moving party wishing to exclude the evidence, is responsible for the burden of proving this connection.

Thus, the court of appeals correctly held that the burden is on the defendant, as the moving party in a motion to suppress evidence obtained in violation of the law under Art. 38.23, to produce evidence demonstrating the causal connection which this court required in *Gonzales II*. The burden then shifts to the State to either disprove the evidence the defendant has produced, or bring an attenuation-of-taint argument to demonstrate that the causal chain asserted by the defendant was in fact broken.

*Id*. at 773-74.

And the Court of Criminal Appeals has recently cited several of these same cases in a case involving the alleged violation of the Health and Safety Code in connection with a motion to suppress evidence from a blood draw. *See State v. Kelley*, 204 S.W.3d 808, 819-820 (Tex. Crim. App. 2006). The opinion in *Kelley* contains an extensive discussion of the burdens of proof at trial and the standard of review on appeal. In *Kelley*, the Court of Criminal Appeals reminds the appellate courts that it is the party with the burden of proof who assumes the risk of nonpersuasion. *Id*. at 819 (*see* discussion in connection with and the content of footnote 22). The problem for Robinson on this record is that he never produced any evidence of a statutory violation, much less enough for the burden of *production* to shift to the State to disprove Robinson's evidence.

This assignment of the burden of proof has important practical implications. If all a defendant has to do is to move to suppress evidence and then the State must go forward to prove the evidence was lawfully obtained, we can expect to see an even greater number of these motions and related appeals. A defendant can essentially file a motion in every case and the State will have to defend the manner in which the

evidence was obtained. Thus, the presumption of proper police conduct is destroyed. The defendant need not investigate the basis of the motion, and because the defendant may learn that the basis of the motion is groundless if he does investigate it, an effective and ethical attorney would decline to conduct any investigation of the facts before the motion was filed. The benefit to his client may be that the State cannot meet this new burden (including the extensive cost) placed on it in every case and, thus, decide to not use the evidence. Or it may be that the State cannot present the evidence to show that the evidence was lawfully obtained for some other reason, such as the witness has moved to another state and the cost of returning the witness for the hearing is excessive, or that the witness simply fails to appear for the hearing. The result under the State's new burden, imposed by the Court's holding, would be that the evidence is suppressed even though it is lawfully obtained.

## Conclusion

The only reason the trial court ordered the evidence suppressed in this case is that the State had failed to prove the qualifications of the person who made the blood draw. Thus, the trial court placed the burden of proof and, thus, the risk of nonpersuasion, on the State. This was an erroneous placement of the burden of proof. It is because Robinson failed to prove that the blood was taken in violation of the Transportation Code that the burden of proof was not met and, therefore, Robinson's motion to suppress should have been denied. Because the Court erroneously affirms

the trial court's order based solely on the improper placement of the burden of proof, I

respectfully, but strongly, dissent.[1]


TOM GRAY

Dissenting opinion delivered and filed June 16, 2010

---

[1] *Any Other Basis?* Given that the trial court findings are stated in the negative, they essentially constitute no findings at all. In light of the record and the trial court's comments, the basis of her holding and the meaning of the findings are clear. Thus, as in *State v. Kelley*, 204 S.W.3d 808, 819 (Tex. Crim. App. 2006), I cannot ignore the record. If we do not venture off into some other basis for upholding the trial court's judgment, based on presumptions not supported by the record, there is no alternative other than to reverse the trial court's order.