ACCEPTED
12-15-00082-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
7/27/2015 12:00:00 AM
CATHY LUSK
CLERK

**Case No. 12-15-00082-CR**

**IN THE TWELFTH COURT OF APPEALS**

**TYLER, TEXAS**

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
7/26/2015 8:05:14 PM
CATHY S. LUSK
Clerk

**DAVID MARK DAVIS II,**

**Appellant,**

**VS.**

**THE STATE OF TEXAS,**

**Appellee**

On Appeal from the County Court at Law No. 1 of Angelina County, Texas

The Honorable Joe Lee Register, Presiding Judge

Trial Cause No. 15-0290

**OPENING BRIEF FOR APPELLANT**

_____

David Mark Davis II
Appellant, *Pro Se*
905 N Loop 499, Unit 525
Harlingen, TX 78550
(936) 238-8507(T)
(936) 309-0060(F)
dmarkdavis2@gmail.com

*APPELLANT REQUEST ORAL ARGUMENT*

## PARTIES

**ATTORNEY'S FOR THE STATE AT PRE-TRIAL HEARING, PLEA HEARING AND ON APPEAL:**

ED C. JONES, Angelina County Attorney
TX State Bar No. 10873300
Angelina County Attorney's Office
P. O. Box 1845
Lufkin, Texas 75902-1845
936-639-3929

**DEFENDANT - PRO SE**

DAVID MARK DAVIS II
Appellant, *Pro Se*
905 N Loop 499, Unit 525
Harlingen, TX 78550
(936) 238-8507

## CERTIFICATE OF SERVICE

I certify that at the time of efiling this Brief, I served a copy of the forgoing Opening Brief for Appellant on the party listed below by electronic service, and the electronic transmission was reported as complete. My e-mail address is dmarkdavis2@gmail.com.

1. Mr. Ed C. Jones
   Attorney for the State
   ejones@angelinacounty.net

.

_____
David Mark Davis II
Appellant, Pro Se

# Table of Contents

**Table of Authorities** ............................................................................4, 5

**Jurisdiction of the Court**…………………………………………………………

**Statement of the Case & Facts** …………………………...………………………….6

**Statement on Oral Arguments** ......................................................................7

**Statement of Issues Presented on Appeal** …………………………………....7

| | |
|---|---|
| **Issue # 1** | The County Court at Law was exercising original, not appellate, jurisdiction. |
| **Issue # 2** | The trial court erred when it denied Davis' motion to suppress after (1) Davis established that the traffic stop which led to the State's case was conducted without a warrant, (2) Davis was detained by police and not free to leave and (3) the State did not present one iota of evidence to support reasonable suspicion for said traffic stop to be conducted in the first place. |

**Summary of Argument** …………………………………………………….7, 8

**Argument** …………………………………………………….8, 9, 10, 11, 12

**Prayer for Relief** …………………………………………………….12

**Certificate of Word Count** …………………………………………..…13

# Table of Authorities

| Case | Page |
|------|------|

*Amador v. State*, 221 S.W.3d 666 (Tex. Crim. App. 2007)
……………………………………………………………………..14, 15

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)
…………………………………………………………………..12

*Anderson v. State*, No. 12-12-00041-CR (Tex. App. – Tyler Oct. 16, 2013)
…………………………………………………………………..14. 15

*Brendlin v. California*, 551 U.S. 249 (2007)
…………………………………………………………………..16, 17

*Carmouche v. State*, 10 S.W.3d 323 (Tex. Crim. App. 2000)
…………………………………………………………………..14, 15

*Cole v. Arkansas*, 333 U.S. 196, 201 (1948)
…………………………………………………………………..13

*Crain v. State*, 315 S.W.3d 43 (Tex. Crim. App. 2010)
…………………………………………………………………..14

*Delaware v. Prouse*, 440 U.S. 648, 650 (1979)
…………………………………………………………………..16, 17

*Ford v. State*,158 S.W.3d 488(Tex. Crim. App.2005)
…………………………………………………………………..16

*Guzman v. State,* 955 S.W.2d 85 (Tex. Crim. App.1997)
…………………………………………………………………..15

*Hall v. State*, 297 S.W.3d 294 (Tex. Crim. App. 2009)
…………………………………………………………………..16

*Kothe v. State*, 152 S.W.3d 54 (Tex. Crim. App. 2004)
…………………………………………………………………….15

*Lankford v. Idaho* , 500 U.S. 110 (1991)
…………………………………………………………………..13

*Malina v. Gonzales*, 994 F.2d 1121, 1126(5th Cir. La.1993) …………………………………………………………………..16

*Mattei v. State,* 455 S.W.2d 761, 765-66 (Tex.Cr.App.1970) …………………………………………………………………..15, 16

*Ornelas v. United States*, 517 U.S. 690 (1996) …………………………………………………………………..15

*Rogers v. United States,* 330 F.2d 535 (5th Cir.1964) …………………………………………………………………..15, 16

*Stansbury v. California*, 511 U.S. 318 (1994) …………………………………………………………………..16

*State v. Elrod,* 395 S.W.3d 869 (Tex. App. – Austin 2013, no pet.) …………………………………………………………………..14

*State v. Johnston,* 336 S.W.3d 649 (Tex. Crim. App. 2011) …………………………………………………………………..15

*State v. Melcher,* 153 S.W.3d 435 (Tex. Crim. App. 2005) …………………………………………………………………..14

*Swearingen v. State,* 143 S.W.3d 808 (Tex. Crim. App. 2004) …………………………………………………………………..15

*United States v. Bachner* 706 F.2d 1121, 1125-26 (11 Cir.1983) …………………………………………………………………..16

*United States v. Davis,*61 F.3d 291 (5th Cir. Miss.1995) …………………………………………………………………..17

*United States v. Mendenhall*, 446 U.S. 544, 554 (1980) …………………………………………………………………..16, 17

*United States v. Thompson,* 421 F.2d 373, 377 (5th Cir.1970) …………………………………………………………………..15

*Whren v. United States*, 517 U.S. 806 (1996) …………………………………………………………………..16, 17

*Wilson v. State,* 311 S.W.3d 452 (Tex. Crim. App. 2010)
………………………………………………………………..14, 15

*Wisconsin v. Constantineau*, 400 U.S. 433 (1971)
………………………………………………………………..13

*Young v. State,* 283 S.W.3d 854 (Tex. Crim. App. 2009)
………………………………………………………………14

## US Constitution

U.S. Const. amend. IV
…………………………………………………….…………9, 14, 15, 16, 17, 18, 19
U.S. Const. amend. VI
……………………………………………….……..……8, 9, 10, 11, 12, 13, 14

## State Law

Tex. Code Crim. Proc. Ann. art. 27.14(d)
……………………………………………………………….8, 9, 11, 13
Tex. Code Crim. Proc. Ann. art. 25.01, et seq.
.........................................................................................................................13
Tex. Transp. Code Ann. § 545.351
.......................................................................................................................7, 12

## Texas Rules of Civil Procedure

Tex. R. of Civ. Proc. R. 21b
……………………………………………………………….…13
Tex. R. of Civ. Proc. R. 124
……………………………………………………………….…13

## Jurisdiction of the Court

This court has jurisdiction over this case as it does others that were originally tried in the County Court at Law. Jurisdiction is discussed more in depth in Issue #1.

## STATEMENT OF THE CASE & FACTS

The State complains that on or about January 17, 2015, the Appellant was driving a motor vehicle on Chestnut Street in Angelina County, Texas in violation of Tex. Transp. Code Ann. § 545.351. This complaint and decision to charge Davis came as a product of a routine traffic stop and statements and other evidence made during said traffic stop.

1) Appellant was issued a citation to appear in the Lufkin Municipal Court to answer the above referenced accusation, but no criminal complaint was made in the Lufkin Municipal Court during the time period the Municipal Court had jurisdiction.

2) At the conclusion of the traffic stop, Davis was issued a citation, but at some unknown point between the charging officer issuing this citation and filing the citation in the Municipal Court, the citation which was created from a completely dignital device was materially altered with a pen by an unknown individual. Davis was not provided a copy of the altered citation nor was he aware it was altered until after he plead no contest in the Angelina County Court at Law No. 1.

3) As part of his initial pleadings in his trial, Davis filed a motion to suppress evidence claiming the traffic stop was conducted by law enforcement in violation of Davis' Fourth Amendment right to be free from unreasonable seizures

and Davis moved all evidence obtained as a result of the stop should be suppressed.

4) The State made a reply brief alleging that no seizure had occurred in this case.

5) The trial court held a hearing on Davis' Motion to Suppress and his jurisdictional challenges. All of Davis' motions were denied.

6) The trial court also held a hearing on a third party Motion to Quash a subpoena for two of Davis' material witnesses. That motion was granted.

7) Davis timely filed a written a notice of appeal.


## APPELLANT REQUEST ORAL ARGUMENT

This case presents a question that Davis cannot find to have been addressed by any other appellate court. Does a material amendment to a citation post issuance deprive a defendant of his Constitutional right to notice of an allegation being made against him when the amended citation is never provided to the Defendant? Appellant argues that this failure to provide the amended citation takes this case out of the exception to the necessity for a criminal complaint under Tex. Code Crim. Proc. Ann. art. 27.14(d). Since this is a novel issue, it would be benefited by oral argument.


## STATEMENT OF ISSUES PRESENTED ON APPEAL

Davis seeks review of the following four points of legal error:

**Issue # 1**

The County Court at Law was exercising original, not appellate, jurisdiction.

**Issue # 2**

The trial court erred when it denied Davis' motion to suppress after (1) Davis established that the traffic stop which led to the State's case was conducted without a warrant, (2) Davis was detained by police and not free to leave and (3) the State did not present one iota of evidence to support reasonable suspicion for said traffic stop to be conducted in the first place.

## SUMMARY OF ARGUMENT

**Issue # 1 - The County Court at Law was exercising original, not appellate, jurisdiction.**

This issue relates to the jurisdiction of this court to hear this case. An appeal to this Court following a trial de novo where the fine is less than $100 renders this Court without jurisdiction to hear the case. However, an appeal to this Court following an original criminal trial in the County Court at Law would allow this Court to entertain appeals even where the fine is less than $100.

In a typical class C misdemeanor traffic case, where *"written notice of an offense for which maximum possible punishment is by fine only or of a violation relating to the manner, time, and place of parking has been prepared, delivered, and filed with the court and a **legible duplicate copy has been given to the defendant**, the written notice serves as a complaint to which the defendant may plead "guilty," "not guilty," or "nolo contendere.""* (Tex. Code Crim. Proc. Ann. art. 27.14(d) Emphasis Added.)

In the instant case, the all-digitally created citation that was given to Davis at the conclusion of the traffic stop was not a mirror copy of the same citation that was filed in the Municipal Court. In fact, the citation filed in the Municipal Court

was an amended citation which was not served on Davis until April 2, 2015, and only as an exhibit to the State's response to Davis' Motion to Dismiss.

The trial court erred when it held that it was exercising appellate jurisdiction as a trial de novo since (1) no complaint was filed in the Municipal Court prior to the trial court obtaining jurisdiction and (2) Davis was not provided with a copy of the citation filed in the Municipal Court.

**Issue #2 – The trial court erred when it denied Davis' Motion to Suppress.**

Davis filed a motion to suppress any evidence obtained from the warrantless traffic stop. During the course of two separate hearings, Davis established that law enforcement detained him without a warrant and that he was not free to leave the encounter until released by the complaining law enforcement officer. The State did not present any evidence to support the reasonableness of the traffic stop.

Even in light of zero testimonal evidence being presented by the State, the court held that the traffic stop was reasonable. The court further rejected Davis' argument that a routine traffic stop is a seizure under the Fourth Amendment.

Davis asserts that the trial court's holding is contrary to long standing precedent holding that a traffic stop is a seizure. Davis further asserts that the precident is clear here, once a defendant establishes that a search or seizure was conducted without a warrant, it is up to the State to justify the stop. Both of these errors render the judgement of the trial court an abuse of decretion.

**ARGUMENT**

**Issue # 1 -- The County Court at Law was exercising original, not appellate, jurisdiction.**

**1. <u>Rule of Law</u>**

**General Exception to Complaint Requirement in fine only misdemeanors where plea of guilty or no contest is made.**

In a class C misdemeanor case, the "written notice of an offense for which maximum possible punishment is by fine only…has been prepared, delivered, and filed with the court and a **legible duplicate copy has been given to the defendant**, the written notice serves as a complaint to which the defendant may plead "guilty," "not guilty," or "nolo contendere."" (Tex. Code Crim. Proc. Ann. art. 27.14(d) Emphasis Added.)

**The State failed to serve the amended citation on Davis**

The citation filed by the charging officer in the Lufkin Municipal Court and the citation issued to Davis at the conclusion of the traffic stop were not mirror images of one another as required by Tex. Code Crim. Proc. Ann. art. 27.14(d) to dispense with the need for a formal complaint. In fact, Davis was not served with the mirror copy of the citation until April 2, 2015, and only as an exhibit to State's response to Davis' Motion to Dismiss.

**The citation filed in the Municipal Court and the Citation given at the conclusion of the traffic stop were materially different.**

A material fact is one which might affect the outcome of the case under governing law. See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Due to the fact that Chestnut Street has a speed limit ranging from 30 miles per hour to 70 miles per hour, the location of where a defendant is alleged to have exceeded the speed limit is necessary for the Defendant to be able to prepare a defense.

In the instant case, the charging officer alleges that the Defendant operated his motor vehicle at a speed of 55 miles per hour. If proven beyond a reasonable doubt that a Defendant was operating his motor vehicle at 55 miles per hour on a stretch of Chestnut that has a posted speed limit of 30, 35, 40, 45, or 50 miles per hour, the State would have proven its prima facie case. However, if the State alleges and proves beyond a reasonable doubt that a Defendant was operating his motor vehicle at 55 miles per hour on a stretch of Chestnut that has a posted speed limit of 55, 60, 65 or 70 miles per hour, the State would have failed to prove a prima facie case.

Due to the demonstrated importance of determining where a speed related traffic violation was alleged to have occurred, the location would be a material fact under *Anderson v. Liberty Lobby, Inc.*, Supra.


**The State's failure to serve pleadings is a violation of Davis' constitutional rights and public policy.**

A criminal defendant has the right to notice of the charges against him. The right to notice is grounded in the Constitution. "[T]he accused shall enjoy the right

... to be informed of the nature and cause of the accusation". (U.S. Const., Amend VI.) The requirement of the Sixth Amendment is binding on the states under the Fourteenth Amendment's due process guarantee. *"No principle of procedural due process is more clearly established than that notice of the specific charge, and a chance to be heard in a trial of the issues raised by that charge, if desired, are among the constitutional rights of every accused in a criminal proceeding in all courts, state or federal."* See *Cole v. Arkansas* 333 U.S. 196 (1948) *"Notice of issues to be resolved by the adversary process is a fundamental characteristic of fair procedure."* See *Lankford v. Idaho* , 500 U.S. 110 (1991). *"Where a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him, notice and an opportunity to be heard are essential."* See *Wisconsin v. Constantineau*, 400 U.S. 433 (1971).

Here, the State failed to provide Davis a copy of the charging instrument at the Municipal Court stage, as such, it cannot use the unserved citation to support the position that the case in the County Court at Law was an appeal from the Municipal Court. Furthermore, the Rules of Criminal Procedure, Rules of Civil Procedure, and caselaw all support the requirement that all pleadings be served. Due to the limited number of fine only offenses that get appealed to the Court of Appeals, there isn't much caselaw to go on. However, if a plaintiff in a civil case can be sanctioned for failure to serve pleadings, then it would only make sense that in criminal cases, where liberty is on the line, be shown at *least* the same requirements. See Tex. Code Crim. Proc. Ann. art. 25.01, et seq.; Tex. R. of Civ. Proc. R. 21b; Tex. R. of Civ. Proc. R. 124.

This case presents an important question as to whether the formal complaint exception under Tex. Code Crim. Proc. Ann. art. 27.14(d) becomes insufficient when the only citation filed in the Municipal or Justice Court is an unserved

amended citation, one with a material amendment, and the State does not provide the amended citation to the Defendant.

For the foregoing reasons, the County Court at Law was exercising original, not appellate jurisdiction over this case. As a result, this Court has jurisdiction over this case even in light of the fact that the fine imposed was not more than $100.

**Issue # 2 -- Trial Court abused its discretion in denying Appellant's Motion to Suppress**

**1. Rule of Law**

**a. Standard of Review**

Overall, the Standard of Review for a trial court's ruling on a motion to suppress evidence is Abuse of Discretion. *Anderson v. State*, No. 12-12-00041-CR (Tex. App. – Tyler Oct. 16, 2013); *Crain v. State*, 315 S.W.3d 43, 48 (Tex. Crim. App. 2010); *State v. Elrod,* 395 S.W.3d 869, 876 (Tex. App. – Austin 2013, no pet.) A trial court abuses its discretion when its ruling is arbitrary or unreasonable. *Anderson* citing *State v. Melcher,* 153 S.W.3d 435, 439 (Tex. Crim. App. 2005). The trial court's ruling on the motion to suppress will be affirmed if it is reasonably supported by the record and is correct under any theory of law applicable to the case. *Anderson* citing *Young v. State,* 283 S.W.3d 854, 873 (Tex. Crim. App. 2009).

More precisely, the trial court's ruling on a motion to suppress evidence can be further broken down through application of a bifurcated standard of review. *Wilson v. State,* 311 S.W.3d 452, 457-58 (Tex. Crim. App. 2010); *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). Almost total deference is given to the

historical facts found by the trial court, while a de novo review is conducted on the trial court's application of the law. *Crain* citing *Amador*, 221 S.W.3d at 673; *Anderson* citing *Wilson*, 311 S.W.3d at 458 and *Carmouche*, 10 S.W.3d at 327. Additionally, almost total deference is afforded the trial court's rulings on mixed questions of law and fact when evaluation of credibility and demeanor are necessary. *State v. Johnston,* 336 S.W.3d 649, 657 (Tex. Crim. App. 2011); *Guzman v. State,* 955 S.W.2d 85, 89 (Tex. Crim. App.1997). Mixed questions of law and fact that do not depend on credibility and demeanor, as well as purely legal questions are reviewed de novo. *Johnston,* 336 S.W.3d at 657; *Guzman,* 955 S.W.2d at 89; *Kothe v. State*, 152 S.W.3d 54, 62-63 (Tex. Crim. App. 2004). Of note is the Supreme Court's distinction between the standards of review applied to the determination of probable cause in warrant and warrantless searches based on the Fourth Amendment's strong preference for searches conducted pursuant to a warrant, and the need for an incentive to encourage police to use the warrant process. *Swearingen v. State,* 143 S.W.3d 808, 811 (Tex. Crim. App. 2004) *relying on* *Ornelas v. United States***,** 517 U.S. 690, 116 S. Ct. 1657, 134 L.Ed.2d 911 (1996).


**b. Burden of Proof**

When a defendant seeks to suppress evidence on the basis of a Fourth Amendment violation, the Court of Criminal Appeals has placed the burden of proof initially upon the defendant**.** *Mattei v. State,* 455 S.W.2d 761, 765-66 (Tex.Cr.App.1970). As the movant in a motion to suppress evidence, a defendant must produce evidence that defeats the presumption of proper police conduct and therefore shifts the burden of proof to the State. *Id.,* relying upon *United States v. Thompson,* 421 F.2d 373, 377 (5th Cir.1970) and *Rogers v. United States,* 330

F.2d 535 (5th Cir.1964), cert. denied, 379 U.S. 916, 85 S.Ct. 265, 13 L.Ed.2d 186. Cf. **United States v. Bachner** 706 F.2d 1121, 1125-26 (11 Cir.1983). A defendant meets his initial burden of proof by establishing that a search or seizure occurred without a warrant. **Mattei**, supra, at 766, quoting **Rogers v. United States**, 330 F.2d, at 542 (5th Cir. 1964).

**c. A traffic stop in and of itself is a seizure and thus subject to the Fourth Amendment.**

Overview of Elements of a Seizure – Free to Leave Test

A full custodial arrest is not necessary for a police encounter to be considered a seizure. As demonstrated infra, even brief nonconsensual police encounters can often amount to a seizure and thus be subject to the reasonableness requirement of the Fourth Amendment. The test for determining whether a person is 'seized' for Fourth Amendment purposes is known as the 'free to leave" test. See **Stansbury v. California**, 511 U.S. 318 (1994). If the objective reasonable person would feel that they were not free to leave a police encounter at any point, then he or she has been seized within the meaning of the Fourth Amendment.  See **United States v. Mendenhall**, 446 U.S. 544, 554 (1980).

United States Supreme Court on traffic stops

It is well established United States Supreme Court a routine traffic stop is a seizure under the Fourth Amendment. (See **Whren v. United States**, 517 U.S. 806 (1996) holding: *"Temporary detention of individuals during the stop of an automobile by the police, even if only for a brief period and for a limited purpose, constitutes a "seizure" of "persons" within the meaning within the meaning of the Fourth Amendment."*; **Brendlin v. California**, 551 U.S. 249 (2007) holding:

*"When a police officer makes a traffic stop, the driver of the car is seized within the meaning of the Fourth Amendment."*; **Delaware v. Prouse**,440 U.S. 648, 650(1979) holding: *Stopping an automobile and detaining its occupants constitute a "seizure" within the meaning of U.S. Const. amends. IV and XIV, even though the purpose of the stop is limited and the resulting detention quite brief.*")

United States 5th Circuit Court of Appeals on traffic stops

Federal 5th Circuit Court of Appeals also has long-standing precedent supporting this contention. (See **United States v. Davis**,61 F.3d 291(5th Cir. Miss.1995) holding *"The stopping of a vehicle and the detention of its occupants is a "seizure" under the Fourth Amendment and therefore must be reasonable";* and **Malina v. Gonzales**, 994 F.2d 1121, 1126(5th Cir. La.1993), which rejected a claim made by an off duty Louisiana state Judge Defendant in a Section 1983 action that he had not seized a driver when he placed a flashing red light on his dashboard and pursued the Plaintiff's vehicle until it pulled over to the side of the road. In **Malina** the court here held that a *"seizure can occur, however, through physical force or a "show of authority"".*

Texas courts on traffic stops

Additionally, Texas has long-standing precedent to support this contention that a traffic stop is a seizure. See **Ford v. State**,158 S.W.3d 488(Tex. Crim. App.2005) which overturned a conviction because the facts on the record failed to show that the officer had reasonable suspicion to stop the defendant; and **Hall v. State**, 297 S.W.3d 294 (Tex. Crim. App. 2009), which overturned a DWI conviction because the officer did not demonstrate he had probable cause to conduct a traffic stop of the suspect in the first place.

**2. Analysis to Facts of Case**

The State claims in the amended charging instrument that on or about January 17, 2015, Lufkin Police Officer Christopher Carroll observed Davis speeding in violation of the Texas Transportation Code, which is a class C misdemeanor. The State gained all statements and other evidence used to bring the charge against Davis from this traffic stop.

As relevant to the fact pattern here, a defendant proves a prima facie case of a Fourth Amendment violation when he establishes that law enforcement acting without a warrant causes the reasonable person to feel as if they were not free to leave a police encounter. See *Mendenhall*, *Supra*. In the instant case, the trial court took judicial notice that the traffic stop in question was conducted without a warrant. This was uncontested by the State. Even in light of this acknowledgment, the trial court sided with the State's contention that a routine traffic stop was not a seizure. This holding is contrary to long standing precedent that has explicitly held that routine traffic stops are seizures under the Fourth Amendment. See *Whren v. United States, Delaware v. Prouse, and Brendlin v. California,* *Supra*. This is just Supreme Court precedent on this issue. This case presents a very common defense to DUI's on appeal and Davis argues the same legal logic and principals applied by Texas appellate courts to DUI suppression issues. The contention that a routine traffic stop is a seizure is well established and has been for quite a many years. While Davis doesn't argue with Mr. Jones' contention that a police officer doesn't need a warrant to conduct a traffic stop, if the justification for the stop is conducted the State must show the Court that the officer was justified in making the stop. This simply did not occur here.

The State would not have been able to prove a prima facie case of speeding absent the evidence Davis sought to be seized. Davis proved a prima facie case that

the evidence was obtained in violation of the Fourth Amendment. For the foregoing reasons, this Court must reverse and remand this case to the trial court.

## PRAYER FOR RELIEF

Davis has proven that (1) the County Court at Law, not the Municipal Court, was the Court of original jurisdiction in this case, and (2) he has proven a prima facie case that his Fourth Amendment rights were violated, thus this Court must reverse and remand this case to the trial court.

Respectfully Submitted,

_____
David Mark Davis II
Appellant, *Pro Se*

**Certificate of Word Count**

Relying on the word count function in the word processing software used to produce this document, I certify that the number of words in this reply (excluding any caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance, and appendix) is 2,421.

_____
David Mark Davis II
Appellant, *Pro Se*